**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-44-FDW**

| | |
|---|---|
| ADAM WADE HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU PRUITT, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 6).

### I.  BACKGROUND

*Pro se* Plaintiff has filed a civil rights suit pursuant to 42 U.S.C. § 1983 with regards to an incident that allegedly occurred at the Marion Correctional Institution where he is still incarcerated. He names as Defendants Sergeant Pruitt, Officer Kos, and Officer Bright.

Construing the Complaint liberally and accepting the allegations as true, on January 4, 2018, the following occurred:

> I request (PC) because of statements that Officer Kos told me he would get my (faggot a**) and then number of officer come to take me to E-unit PC. I had my prayer rug and Qur'an then was attacked by Officer K and spraed by Sgt Pruitt two time, in cell and hallway.

(Doc. No. 1 at 2).

Plaintiff further claims that Officer Kos "acted out of duty" by "jumping on" Plaintiff "when [Plaintiff] was trying to get away from him on PC." (Doc. No. 1 at 2). Officer Bright was in the cell when another officer in the cell jumped on Plaintiff in handcuffs and did not help

1

Plaintiff, then helped other officers take Plaintiff's property. (Doc. No. 1 at 2). Plaintiff fears for his safety and his left leg is in pain. (Doc. No. 1 at 3). He seeks to be transferred from Marion C.I., the return of his property, and "fix's it to where officer's can't be in cell here with inmates off crames footage." (Doc. No. 1 at 5).

**II. STANDARD OF REVIEW**

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must

still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Individuals Not Named as Defendants**

The Federal Rules of Civil Procedure provide that, "[i]n the complaint the title of the action shall include the names of all the parties." Fed. R. Civ. P. 10(a); see Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."). Although *pro se* litigants are entitled to have their pleadings liberally construed, Haines, 404 U.S. at 520, "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants," Pliler v. Ford, 542 U.S. 225 (2004).

The body of the Complaint mentions individuals who are not named as defendants in the caption as required by Rule 10(a). This failure renders Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served).

Therefore, to the extent that Plaintiff intended to assert claims on individuals who are not named in the case caption as defendants, these claims cannot proceed.

**(2)     Excessive Force**

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners. See Hudson v. McMillian, 503 U.S. 1 (1992).

A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Hudson, 503 U.S. at 5, and must result in the denial of "the minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The second requirement is that a prison official must have a "sufficiently culpable state of mind." Wilson, 501 U.S. at 297, 302-03; Hudson, 503 U.S. at 5, 8. "[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." Hudson, 503 U.S. 1, 4 (1992); see Wilkins v. Gaddy, 559 U.S. 34, 34 (2010). The "core judicial inquiry," is not whether a certain quantum of injury was sustained, but rather "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. "When prison officials maliciously and sadistically use force to cause harm," the Court recognized, "contemporary standards of decency always are violated ... whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." Hudson, 503 U.S. at 9, 13–14.

The Fourth Circuit addresses a failure to intervene claim as a theory of "bystander liability"

4

wherein there is "an omission to act...coupled with a duty to act." Randall v. Prince George's Cnty., 302 F.3d 188, 202 (4th Cir. 2002). A "bystander officer" could be liable for his or her nonfeasance if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Id. at 204. However, if no excessive force is applied by the fellow officer, the officer witnessing the conduct "cannot be held liable under bystander liability for a failure to intervene." Howie v. Prince George's Cnty., 2009 WL 2426018 at *6 (D. Md. Aug. 5, 2009); see also Jarvis v. Securitas Sec. Servs. USA, 2012 WL 527597 (D. Md. Feb. 16, 2012).

Plaintiff alleges that Officer Kos attacked him when Plaintiff was trying to "get away" from him, that Sergeant Pruitt sprayed him twice, and that Officer Bright stood by while another officer jumped on him while handcuffed. These allegations are sufficient to conclude that an incident occurred and that Plaintiff attempted to evade officers. Plaintiff has failed to provide enough factual allegations to state a plausible claim of excessive force or failure to intervene against any of the Defendants under these circumstances. Plaintiff will be granted the opportunity to file an Amended Complaint in which he must provide adequate factual allegations to conclude that each of the Defendant exercised excessive force against him.

**(3)** **Housing and Transfer**

Plaintiff does not have a federally protected liberty interest in any particular housing or classification unless it exceeds the scope of his original sentence and imposes an atypical and significant hardship in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472 (1995). "[C]hanges in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation) and the denial of privileges …

5

are necessarily functions of prison management that must be left to the broad discretion of prison administrators to enable them to manage prisons safely and efficiently." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991) (*en banc*).

Plaintiff requests transfer away from Marion C.I. and placement in a cell with video surveillance.[1] He has no interest in his transfer to another facility or in his placement in a cell with video surveillance, and therefore, has failed to state a claim for which relief is available.

**(4)** **Property**

Where a state employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-deprivation process, so long as the State provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986)). However, post-deprivation remedies do not satisfy the due process requirement where the deprivation complained of is effected pursuant to an established state procedure rather than a random, unauthorized action. Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982).

Under North Carolina law, an action for conversion will lie against a public official who wrongfully deprives an owner of his property by an unauthorized act. Gallimore v. Sink, 27 N.C.App. 65, 67, 218 S.E.2d 181, 182 (1975). North Carolina's post-deprivation remedies are adequate. N.C. Gen. Stat. § 143-291; see Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) (due process satisfied where North Carolina tort law provides an adequate avenue for relief for state

---

[1] To the extent that Plaintiff seeks relief on behalf of others, this claim cannot proceed. See Hummer v. Dalton, 657 F.2d 621, 635-26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); Oxendine v. Williams, 509 F.2d 1405 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.").

prisoner).

Plaintiff appears to allege that his property loss resulted from a random, unauthorized action rather than an established state procedure. Adequate post-deprivation remedies exist for Plaintiff's alleged property loss, so there is no legal theory which would support this claim. See, e.g., Smith v. Ledford, 2006 WL 1431666 at *2 (W.D.N.C. May 22, 2006), aff'd, 203 Fed. Appx. 484 (4th Cir. 2006) (dismissing plaintiff's claim that jail administrator confiscated his personal property upon his departure from the jail and refused to return it, because plaintiff had an adequate post-deprivation remedy for conversion). Therefore, Plaintiff has failed to state a cognizable claim for relief with regards to his property.

## IV. CONCLUSION

For the reasons stated herein, the Complaint is deficient and subject to dismissal. Plaintiff shall have **fourteen (14) days** in which to file an Amended Complaint in which he may attempt to cure these deficiencies and state a facially sufficient claim for relief. Although Petitioner is appearing *pro se*, he is required to comply with all applicable timeliness and procedural requirements, including the Local Rules of the United States District Court for the Western District of North Carolina and the Federal Rules of Civil Procedure. The Amended Complaint must be on a § 1983 form, which the Court will provide, and it must refer to the instant case number so that it is docketed in the correct case. It must contain a "short and plain statement of the claim" showing that Plaintiff is entitled to relief against each of the defendants. Fed. R. Civ. P. 8(a)(2). The Amended Complaint must contain all claims Plaintiff intends to bring in this action, identify all defendants he intends to sue, and clearly set forth the factual allegations against each of them. Plaintiff may not amend his Complaint by merely adding defendants and claims in a piecemeal fashion. The Amended Complaint will supersede the original Complaint so that any claims or

parties omitted from the Amended Complaint will be waived. See Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001). Plaintiff must note the case number on his Amended Complaint so that it is docketed in this case.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint, (Doc. No. 1), is **DISMISSED** as facially insufficient pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff shall have **fourteen (14) days** in which to file an Amended Complaint in accordance with this order and all applicable rules and procedures. If Plaintiff fails to file an Amend Complaint in accordance with this Order, this action will be dismissed and closed without prejudice and without further notice to Plaintiff.

3. The Clerk is directed to mail a copy of a new Section 1983 complaint form to Plaintiff.

Signed: April 27, 2018

Frank D. Whitney
Chief United States District Judge