# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18-cv-44-FDW

| | |
|---|---|
| ADAM WADE HALL, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| FNU PRUITT, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on the North Carolina Attorney General's Motion to Deem Waiver of Service of Summons Timely Filed, (Doc. No. 14), and North Carolina Department of Public Safety's ("NC DPS") sealed Notice, (Doc. No. 15), informing the Court that it has been unable to procure a waiver of service of process for Defendant **Robert L. Kalinowski**.[1]

First, the Attorney General requests that the service waivers for Defendants Bright and Puett be accepted as timely filed and that it be granted 45 days to complete its investigation into whether it will provide a defense to Defendants and to allow an attorney to make an appearance or file a responsive pleading on their behalf. The Attorney General explains that the failure to timely comply with Local Rule 4.3 was due to excusable neglect. The Motion will be granted. The Attorney General shall have until November 26, 2018 to complete an investigation into whether it will provide a defense for Defendants Bright and Puett and, if so, to enter a notice of appearance and file a responsive pleading.

Second, NC DPS has provided name and last known address for Defendant Kalinowski.

---

[1] "FNU Kalinowski" in the Complaint.

1

The Clerk of Court is directed to notify the United States Marshal that Defendant Kalinowski needs to be served with the summons and Amended Complaint in accordance with Rule 4 the Federal Rules of Civil Procedure. If Defendant Kalinowski cannot be served at the address provided by the NC DPS, the U.S. Marshal shall be responsible for locating his home address so that he may be served. See 28 U.S.C. § 1915(d) (in actions brought *in forma pauperis* under § 1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases"); Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States Marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915…."). If the U.S. Marshal is unable to obtain service on Defendant Kalinowski, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service. The U.S. Marshal shall not disclose Defendant's home addresses to the *pro se* incarcerated Plaintiff and shall file any document containing such addresses under seal.

**IT IS THEREFORE ORDERED that:**

(1) The North Carolina Attorney General's Motion to Deem Waiver of Service of Summons Timely Filed, (Doc. No. 14), is **GRANTED.** The Attorney General shall have up until November 26, 2018, to complete an investigation into whether it will provide a defense to Defendants Bright and Puett and, if so, to enter a notice of appearance and file a responsive pleading.

(2) The U.S. Marshal shall use all reasonable efforts to locate and obtain service on Defendant **Kalinowski** at his home address. If the U.S. Marshal is unable to obtain service on Defendant Kalinowski, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service.

(3) The Clerk is respectfully instructed to mail a copy of the Amended Complaint, (Doc. No. 9), the Sealed Notice containing Defendant's last known address, (Doc. No. 15), and this Order to the U.S. Marshal.

Signed: October 16, 2018

Frank D. Whitney
Chief United States District Judge