IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00044-MR

| | |
|---|---|
| ADAM WADE HALL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FNU PRUITT, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendants' Motion for Summary Judgment [Doc. 32].

## I. BACKGROUND

On February 20, 2018, the Plaintiff Adam Wade Hall (the "Plaintiff"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging the violation of his civil rights while he was incarcerated at the Marion Correctional Institute in Marion, North Carolina. [Doc. 1]. The Plaintiff's Complaint asserted claims against Teresa Pruitt, Robert Kalinowski, and George Bright, (the "Defendants") who all are officers at the Marion Correctional Institute. [Id.].

On April 27, 2018, the Plaintiff's Complaint was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). [Doc. 8]. The Plaintiff was given the opportunity to file an Amended Complaint within 14 days. [Id.].

On May 9, 2018, the Plaintiff filed an Amended Complaint against the Defendants. [Doc. 9]. In his Amended Complaint, the Plaintiff brings claims against the Defendants for allegedly using excessive force on him on January 4, 2018. [Id. at 3]. The Plaintiff's allegations are nonspecific, but he asserts that the Defendants handcuffed him before striking him with a baton, hitting him with closed fists, and spraying him with pepper spray. [Id. at 4]. For relief, the Plaintiff's Amended Complaint seeks $3,000, the return of his prayer rug, and either transfer from the Marion Correctional Institute or for "no inmate be in cell with officer." [Id. at 5].

On November 7, 2018, the Court conducted a frivolity review of the Amended Complaint under 28 U.S.C. § 1915 and determined that it presented cognizable claims against the Defendants for excessive force and failure to intervene. [Doc. 11 at 14]. The Court dismissed the Plaintiff's other claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). [Id.].

On December 22, 2018, the Defendants filed an Answer to the Amended Complaint. [Doc. 23]. On October 3, 2019, the Defendants filed a Motion for Summary Judgment. [Doc. 32]. The Defendants argue that

summary judgment should be granted because they have sovereign and qualified immunity against the Plaintiff's claims and the record shows that they did not use excessive force against the Plaintiff. [Doc. 33 at 1]. On October 25, 2019, the Plaintiff filed a response to the Defendants' Motion for Summary Judgment. [Doc. 40]. The time for the Defendants to file a reply has passed.[1]

Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine

---

[1] On April 22, 2020, this matter was reassigned to the undersigned.

3

issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Rather, the nonmoving party must oppose a proper summary judgment motion with citation to "depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials" in the record. See id.; Fed. R. Civ. P. 56(c)(1)(a). The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S. Ct.

2658, 2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## III. DISCUSSION

### A. Sovereign Immunity

A suit against a state official in his official capacity is construed as against the state itself. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). It is well settled that neither a state nor its officials acting in their official capacities are "persons" subject to suit under 42 U.S.C. § 1983. Id.; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978). Moreover, the Eleventh Amendment generally bars lawsuits by citizens against non-consenting states brought either in state or federal courts. See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996).

Although Congress may abrogate the states' sovereign immunity, it has not chosen to do so for claims under 42 U.S.C. § 1983. See Quern v. Jordan, 440 U.S. 332, 343 (1979). Likewise, North Carolina has not waived its sovereign immunity by consenting to be sued in federal court for claims brought under 42 U.S.C. § 1983. See generally Mary's House, Inc. v. North Carolina, 976 F. Supp. 2d 691, 697 (M.D.N.C. 2013) (claim under 42 U.S.C. § 1983 barred by sovereign immunity of North Carolina). As such, the

Defendants are entitled to summary judgment on the Plaintiff's claims against them in their official capacities and the Court will grant the Defendants' Motion for Summary Judgment on those claims.

### B. Excessive Force and Failure to Intervene

The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain on prisoners. Hill v. Crum, 727 F.3d 312, 317 (4th Cir. 2013). "An inmate's Eighth Amendment excessive force claim involves both an objective and a subjective component." Brooks v. Johnson, 924 F.3d 104, 112 (4th Cir. 2019). "The objective component asks whether the force applied was sufficiently serious to establish a cause of action." Id. The subjective component "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Id. at 112-13. The test for evaluating whether officers acted maliciously or wantonly considers (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of any reasonably perceived threat that the application of force was intended to quell; and (4) any efforts made to temper the severity of a forceful response. Thompson v. Virginia, 878 F.3d 89, 99 (4th Cir. 2017) (citation omitted).

Here, the parties dispute the circumstances surrounding the use of

force, the need for the use of force, the amount of force that the Defendants used on the Plaintiff, and whether the amount of force was reasonable under the circumstances. These questions are genuine disputes of material fact and must be determined by a jury. As such, the Defendants' Motion for Summary Judgment on the Plaintiff's excessive force and failure to intervene claims against them in their individual capacities will be denied.

## C. Qualified Immunity

"Qualified immunity protects officers who commit constitutional violations but who, in light of clearly established law, could reasonably believe that their actions were lawful." Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). "To determine whether an officer is entitled to qualified immunity, the court must examine (1) whether the plaintiff has demonstrated that the officer violated a constitutional right and (2) whether that right was clearly established at the time of the alleged violation." E.W. ex rel. T.W. v. Dolgos, 884 F.3d 172, 178 (4th Cir. 2018) (internal quotation marks omitted). The doctrine of qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law." Smith v. Ray, 781 F.3d 95, 100 (4th Cir. 2015) (internal quotation marks omitted).

The Defendants argues that they should be granted qualified immunity because they did not violate any of Plaintiff's clearly established rights. However, the reasonableness of Defendants' use of force is a jury question that precludes the Court from determining whether the Defendants violated the Plaintiff's clearly established rights at this time. As such, the Defendants' Motion for Summary Judgment based on qualified immunity will be denied.

## IV. CONCLUSION

For the reasons stated herein, the Defendants' Motion for Summary Judgment will be granted in part and denied in part. The Motion will be granted with respect to the Plaintiff's claims against the Defendants in their official capacities and will be denied with regard to the Plaintiff's other claims. This case will proceed to trial.[2]

In light of the current circumstances, the Court does not anticipate being able to set this matter for trial until 2021 at the earliest. To facilitate a resolution of this case before that time, the parties may request a judicial settlement conference before the Magistrate Judge. See LCvR 16.3(d)(2).

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion for

---

[2] The Plaintiff will proceed to trial *pro se*. [See Misc. Case No. 3:19-mc-00013-MR Doc. 4: Order of Suspension of Prisoner Assistance Program].

Summary Judgment [Doc. 32] is **GRANTED** with respect to the Plaintiff's claims against the Defendants in their official capacities and is **DENIED** with respect to the Plaintiff's other claims.

**IT IS SO ORDERED.**

Signed: July 22, 2020

Martin Reidinger
Chief United States District Judge