IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00044-MR

| | |
|---|---|
| ADAM WADE HALL, ) | |
| Plaintiff, ) | |
| vs. ) | |
| TERESA PUETT, et al., ) | **ORDER** |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion[s] Omnibus" [Docs. 42, 43].

*Pro se* incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 with regards to an incident that allegedly occurred at the Marion Correctional Institution. Plaintiff was granted leave to proceed without prepaying the filing fee pursuant to 28 U.S.C. § 1915, and the Court entered an Order directing that monthly payments be deducted from Plaintiff's prison account and forwarded to the Court. [Doc. 6]. Plaintiff's claims against Defendants in their individual capacities survived dispositive motions and the case is ripe for trial. [See Docs. 11, 41].

Plaintiff has now filed two Motions, in which he seeks waiver of the filing fee, the appointment of counsel, and a judicial settlement conference.

The Prison Litigation Reform Act ("PLRA") provides that, "if a prisoner brings a civil action … *in forma pauperis*, the prisoner shall be required to pay the full amount of the filing fee…." 28 U.S.C. § 1915(b)(1). Thus, the PLRA "makes prisoners responsible for their filing fees the moment the civil action or appeal is filed, … [and] by filing the complaint or notice of appeal, the prisoner waives any objection to the fee assessment by the district court." McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997) (citation omitted), *overruled on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Goins v. Decaro, 241 F.3d 260, 262 (2d Cir. 2001) ("we are not at liberty to read into the PLRA judicial authority to cancel remaining indebtedness for withdrawn appeals."); Williams v. Roberts, 116 F.3d 1126, 1127 (5th Cir. 1997) ("the filing fee is to be assessed for the privilege of initiating an appeal, without regard to the subsequent disposition of the matter.").

Plaintiff appears to ask the Court to waive the filing fee because he is indigent. Plaintiff is required to pay the full filing fee in installments regardless of his indigency, and therefore, his request to waive the remainder of the filing fee is denied. See McGore, 114 F.3d at 607; 28 U.S.C. § 1915(b)(1).

Plaintiff also seeks the appointment of counsel to represent him in pursuing his claim. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. <u>Miller v. Simmons</u>, 814 F.2d 962, 966 (4th Cir. 1987).

Plaintiff argues that he has a valid claim, counsel would provide him with advice and enable him to conduct his case, and Plaintiff is unable to use any legal material or access the courts. Plaintiff has adequately represented himself in this action despite his *pro se* incarcerated status. The record belies his allegations of extraordinary circumstances and lack of access to the courts. Therefore, the Motion seeking the appointment of counsel will be denied.

Finally, Plaintiff seeks a judicial settlement conference. This request will be granted. This case will be referred to Magistrate Judge W. C. Metcalf for a judicial settlement conference that will be scheduled by the Clerk of Court. Trial will be scheduled for the Court's January 11, 2021 mixed trial term.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion[s] Omnibus" [Doc. 42, 43] are **GRANTED** in part and **DENIED** in part as follows:

(1) Plaintiff's requests for the appointment of counsel and for waiver of the filing fee are **DENIED**; and

(2) Plaintiff's request for a judicial settlement conference is **GRANTED**. The Clerk is instructed to refer this matter to Magistrate Judge William C. Metcalf and schedule a judicial settlement conference.

**IT IS FURTHER ORDERED** that this matter is hereby scheduled for trial during the Court's January 11, 2021 mixed trial term. The parties will be advised at a later time of the precise trial date during that term.

**IT IS SO ORDERED**.

Signed: September 2, 2020

Martin Reidinger
Chief United States District Judge