IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18 CV 44 MR

| | |
|---|---|
| ADAM WADE HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| TERESA PUETT, *Sgt. of DPS at Marion Corr.* ) | |
| *Inst., in her individual capacity,* ) | |
| ROBERT L. KALINOWSKI, *Officer of DPS at* ) | |
| *Marion Corr. Inst., in his individual capacity,* ) | |
| GEORGE R. BRIGHT, *Officer of DPS at* ) | |
| *Marion Corr. Inst., in his individual capacity* ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the undersigned on Defendants' Motion to Excuse their Attendance at the Court-Hosted Settlement Conference (the "Motion," Doc. 50).

A telephonic settlement conference is set for September 22, 2020 beginning at 1:00 p.m. The Court's Order of September 3, 2020 provided instructions regarding the parties' participation in that conference.

By their Motion, Defendants George R. Bright, Robert L. Kalinowski, Teresa Puett ("Defendants") request that they and any insurance carrier (not including a representative of the North Carolina Department of Public Safety ("NCDPS")) be excused from personally attending the conference. Doc. 50.

Defendants contend that this request is justified because NCDPS, as Defendants' employer, is responsible for the first $150,000.00 of liability and because a representative of NCDPS, along with counsel for Defendants, "will have the ability to negotiate and enter into any binding settlement agreement on behalf of Defendants." Id. at pp. 1-2. Defendants further state that Plaintiff consents to the Motion. Id. at p. 2.

The undersigned's September 3, 3030 Order required that any motion seeking to excuse Defendants' attendance be filed no later than ten (10) days prior to the September 22, 2020 settlement conference. Doc. 45. The instant Motion was filed on September 17, 2020. Doc. 50. Despite the untimeliness of the instant Motion, the undersigned has considered Defendants' requests.

In view of Defendants' representation that NCDPS is responsible for the first $150,000.00 of Defendants' liability, the undersigned will excuse a representative from any involved insurance carrier (i.e., a representative other than the NCDPS representative) from participating in the conference.

With respect to Defendants' participation, while defense counsel and the NCDPS representative may have authority to negotiate and enter a binding settlement on behalf of Defendants, as parties to the case Defendants themselves have a vested interest in the matter and the undersigned otherwise believes Defendants' personal participation in the conference would be beneficial. However, in order to ensure that such participation is not unduly

2

burdensome, the undersigned will grant Defendants, their counsel, and the NCDPS representative leave to participate in the settlement conference from different physical locations if they so choose, as long as they are on one conference line during the conference.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Excuse their Attendance at the Court-Hosted Settlement Conference (Doc. 50) is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) Defendants' request that a representative from any involved insurance carrier (i.e., a representative other than the NCDPS representative) be excused from personally appearing is **GRANTED**; and

(2) Defendants' request that Defendants George R. Bright, Robert L. Kalinowski, Teresa Puett be excused from personally participating in the September 22, 2020 settlement conference is **DENIED**. However, Defendants, their counsel, and a representative of the NCDPS are **GRANTED LEAVE** to participate by telephone from different physical locations, provided that defense counsel ensures that all Defendants, their counsel, and the NCDPS representative are on one conference line.

Signed: September 21, 2020

W. Carleton Metcalf
United States Magistrate Judge